UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/17

JOSE WILMER CALLE, *et al.*,

Plaintiffs,

-v-

NDG COFFEE SHOP, INC., D/B/A Big Nick's Burger & Pizza Joint Too *et al.*,

Defendants.

No. 16-cv-7702 (RJS)
JUDGMENT

RICHARD J. SULLIVAN, District Judge:

Between October 30, 2017 and November 2, 2017, the Court held a jury trial with respect to the claims of Plaintiffs Hitler Calle, Jose Wilmer Calle, Severiano Castaneda Rivera, Pedro Ramirez Lozano, Marino Casteneda Rivera, and Victor Anibal Ugsha Chugchilan against Defendants NDG Coffee Shop, Inc., doing business as Big Nick's Burger & Pizza Joint Too, Dimitrios Galanopoulus, and Niko Galanopoulus. Specifically, the jury heard evidence on Plaintiffs' seven causes of action: (1) minimum-wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206; (2) minimum-wage violations under the New York Labor Law ("NYLL") § 652; (3) unpaid overtime under the FLSA, 29 U.S.C. § 207; (4) unpaid overtime under 12 N.Y.C.R.R. § 146-1.4; (5) violations of the spread-of-hours requirement under 12 N.Y.C.R.R. § 146–1.6(a); (6) failure to provide required annual written disclosures in violation of N.Y. Lab. Law § 195(1) (effective Apr. 9, 2011); and (7) failure to provide wage statements with required disclosures in violation of N.Y. Lab. Law § 195(3). At the end of Plaintiffs' case-in-chief, the Court dismissed the claims against Defendant Niko Galanopoulus pursuant to Federal

Rule of Civil Procedure 50(a), citing the lack of evidence as to his individual involvement in determining Plaintiffs' wage rate and hours.

Thereafter, on November 3, 2017, the jury rendered a verdict substantially in favor of Plaintiffs on all claims and determined that Defendants' violations of state and federal law were willful. (Doc. No. 46 ("Verdict Form").) In addition, the jury determined the compensatory damages due to each Plaintiff for violations of the minimum wage and overtime wage laws. (*Id.*) As elaborated below, the Court has calculated the total damages due to each Plaintiff under their successful spread-of-hours claims, wage notice claims, and wage statement claims, as well as the amount of liquidated damages and pre-judgment interest due.

## I. DAMAGES

### A. Compensatory Damages

As an initial matter, even if a defendant violates both the FLSA and the NYLL, Plaintiffs may not "double recover" back wages. *Gamero v. Koodo Sushi Corp.*, No. 15-cv-2697 (KPF), 2017 WL 4326116, at *11 (S.D.N.Y. Sept. 28, 2017) (citation and internal quotation marks omitted). Therefore, where a plaintiff is entitled to compensatory damages under both federal and state wage law, the Court has discretion to award damages "under the statute providing the greatest amount of relief." *Id.* Because NYLL has a longer statute of limitations and otherwise provides at least as much relief as the FLSA, *see id*, NYLL guides the calculation of compensatory damages in this case. Here, in light of the six year statute of limitations under NYLL, the relevant damages period runs from September 30, 2010 to September 30, 2016. (*See* Doc. No. 1); *Gamero*, 2017 WL 4326116, at *11 n.7 (citing N.Y. Lab. Law § 663(3)).

#### *1. Minimum Wage and Overtime Claims*

The jury determined the amount of back wages due to each Plaintiff to compensate him for

Defendants' violations of the minimum wage and overtime provisions, as follows:

| Plaintiff | Minimum Wage Claim | Overtime Claim |
|---|---|---|
| Hitler Calle | - | $ 196,577.60 |
| Jose Wilmer Calle | $ 3,640 | $ 25,740.00 |
| Severiano Castaneda Rivera | - | $ 176,290.40 |
| Pedro Ramirez Lozano | - | 208,715.00 |
| Marino Casteneda Rivera | $ 40,435.20 | $203,775.00 |
| Victor Anibal Ugsha Chugchilan | $ 7,467.20 | $75,010.00 |

2. *Spread-of-Hours Claims*

The jury also determined the number of days for which each Plaintiff was improperly denied spread-of-hours wages. (Verdict Form.) For each of those days, Plaintiffs are entitled to an hour's pay at the prevailing minimum wage. *Gamero*, 2017 WL 4326116, at *12. The following tables illustrates the Court's calculation of Plaintiffs' unpaid spread-of-hours wages:

Hitler Calle

| Dates | NY Min Wage | Days | Damages |
|---|---|---|---|
| 9/30/2010 – 12/30/2013 | $7.25/hr | 336 | $ 2,436.00 |
| 12/31/2013 – 12/30/2014 | $8.00/hr | 104 | $ 832.00 |
| 12/31/2014 – 12/30/2015 | $8.75/hr | 126 | $ 1,102.50 |
| 12/31/2015 – 9/30/2016 | $9.00/hr | 76 | $ 684.00 |
| **Total** | | | **$ 5,054.50** |

Jose Wilmer Calle

| Dates | NY Min Wage | Days | Damages |
|---|---|---|---|
| 9/30/2010 – 12/30/2013 | $7.25/hr | 0 | - |
| 12/31/2013 – 12/30/2014 | $8.00/hr | 0 | - |
| 12/31/2014 – 12/30/2015 | $8.75/hr | 38 | $ 332.50 |
| 12/31/2015 – 9/30/2016 | $9.00/hr | 38 | $ 342.00 |
| **Total** | | | **$ 674.50** |

Severiano Castaneda Rivera

| Dates | NY Min Wage | Days | Damages |
|---|---|---|---|
| 9/30/2010 – 12/30/2013 | $7.25/hr | 504 | $ 3,654.00 |
| 12/31/2013 – 12/30/2014 | $8.00/hr | 156 | $ 1,248.00 |
| 12/31/2014 – 12/30/2015 | $8.75/hr | 156 | $ 1,365.00 |
| 12/31/2015 – 9/30/2016 | $9.00/hr | 114 | $ 1,026.00 |
| **Total** | | | **$ 7,293.00** |

Pedro Ramirez Lozano

| Dates | NY Min Wage | Days | Damages |
|---|---|---|---|
| 9/30/2010 – 12/30/2013 | $7.25/hr | 1008 | $ 7,308.00 |
| 12/31/2013 – 12/30/2014 | $8.00/hr | 312 | $ 2,496.00 |
| 12/31/2014 – 12/30/2015 | $8.75/hr | 306 | $ 2,677.50 |
| 12/31/2015 – 9/30/2016 | $9.00/hr | 0 | - |
| **Total** | | | **$ 12,481.50** |

Marino Casteneda Rivera

| Dates | NY Min Wage | Days | Damages |
|---|---|---|---|
| 9/30/2010 – 12/30/2013 | $7.25/hr | 1008 | $ 7,308.00 |
| 12/31/2013 – 12/30/2014 | $8.00/hr | 312 | $ 2,496.00 |
| 12/31/2014 – 12/30/2015 | $8.75/hr | 312 | $ 2,730.00 |
| 12/31/2015 – 9/30/2016 | $9.00/hr | 228 | - |
| **Total** | | | **$ 14,586.00** |

Victor Anibal Ugsha Chugchilan

| Dates | NY Min Wage | Days | Damages |
|---|---|---|---|
| 9/30/2010 – 12/30/2013 | $7.25/hr | 0 | - |
| 12/31/2013 – 12/30/2014 | $8.00/hr | 312 | $ 2,496.00 |
| 12/31/2014 – 12/30/2015 | $8.75/hr | 0 | - |
| 12/31/2015 – 9/30/2016 | $9.00/hr | 0 | - |
| **Total** | | | **$ 2,496.00** |

B. Statutory Damages

*1. Wage Notice Claims*

Since 2011, NYLL has required employers to provide to each employee "at the time of hiring" a wage notice containing information such as the rates of pay, the regular payday, and the employer's principle business address. N.Y. Lab. Law § 195(1) (effective April 9, 2011). Four of the six plaintiffs in this case were hired prior to enactment of that statute, so they cannot claim entitlement to a time-of-hiring wage notice. As for the plaintiffs hired after enactment of the wage-notice provision, the parties agreed that Jose Wilmer Calle was hired in 2015, but the jury found that he received a wage notice that year. By contrast, the parties agreed that Victor Anibal Ugsha Chugchilan was hired in 2013, and the jury found that he did not receive a wage notice at any point during that year. (Verdict Form.) Relevant here, the statutory damages for a violation of the time-of-hiring wage-notice provision changed on February 28, 2015. *Hernandez v. Jrpac Inc.*, No. 14-cv- 4176 (PAE), 2016 WL 3248493, at *29 (S.D.N.Y. June 9, 2016) (citing, *inter alia*, N.Y. Lab. Law § 198(1-b) (eff. Apr. 9, 2011 to Feb. 27, 2015)). Prior to that date, an employee who did not receive a notice at the time of his hiring was "entitled to recover $50 for each week of work that the violations occurred, up to a maximum of $2,500." *Id.* After February 28, 2015, the maximum amount recoverable was raised to $5,000. Therefore, because Victor Anibal Ugsha Chugchilan was hired in 2013, he is entitled to $2,500 in statutory damages.

In addition to time-of-hiring wage notices, between 2012 and 2015, NYLL required employers to provide employees an annual written notice before February 1 of each year containing the same information provided at the time of their hiring. *See Kim v. Kum Gang, Inc., No.* 12-cv-6344 MHD, 2015 WL 2222438, at *30 (S.D.N.Y. Mar. 19, 2015); N.Y. Lab. Law § 195(1) (effective April 9, 2011). Although some courts in this District have awarded statutory

damages under that provision, others have held that the provision is a "right without a remedy" – that is, the statute created a private right of action for lack of notice *at the time of hiring*, but not for failure to provide the *annual* notice. *Compare* N.Y. Lab. Law § 198(1-b), ¶ 1 (creating private cause of action for "employee" to recover damages for employer's failure to provide notice "within ten business days of his or her first day of employment"), *with id.* ¶ 2 (creating cause of action for Commissioner to bring "[o]n behalf of any employee not provided a notice as required by [Section 195]"); *Yuquilema v. Manhattan's Hero Corp.*, No. 13-cv-461 (WHP) (JLC), 2014 WL 4207106, at *11 (S.D.N.Y. Aug. 20, 2014), *report and recommendation adopted*, No. 13-cv-461, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014) ("Oddly, the NYLL extends this private cause of action to employees whose employer fails to provide the initial notice at their hire, but not for subsequent failures to furnish the annual notice in following years."); *Gamero,* 2017 WL 4326116, at *21 n.13 (collecting cases). The Court is persuaded that the language of the statute did not create a private right of action with respect to the annual wage notice. Accordingly, the Court concludes that Plaintiffs have no private right of action for recovery on their annual wage-notice claims.

2. *Wage Statement Claims*

NYLL also requires that employers provide employees, with each payment of wages, a wage statement that contains information including rates paid, hours worked, and the employer's phone numbers. *Khereed v. W. 12th St. Rest. Group LLC*, No. 15-cv-1363 (PKC), 2016 WL 590233, at *3 (S.D.N.Y. Feb. 11, 2016) (citing N.Y. Lab. Law § 195(3)). After February 27, 2015, New York law allowed employees to recover statutory damages of $250 dollars "for each work day that the [wage statement] violations occurred or continue to occur," not to exceed $5,000. *Cabrera v. 1560 Chirp Corp.*, No. 15CV8194 (TPG) (DF), 2017 WL 1289349, at *6 (S.D.N.Y. Mar. 6, 2017) (quoting N.Y. Lab. Law § 198(1-d)). In light of the jury's findings that Plaintiffs

did not receive wage statements that complied with the statute at any point during the relevant period, each Plaintiff is entitled to the statutory maximum of $5,000 in damages.

C. Liquidated Damages

The FLSA and NYLL both provide for liquidated damages for unpaid wages, *Quiroz v. Luigi's Dolceria, Inc.*, No. 14-cv-871 (VVP), 2016 WL 2869780, at *4 (E.D.N.Y. May 17, 2016) (citing N.Y. Lab. Law § 198(1-a)), but Plaintiffs seek liquidated damages only under NYLL (Doc. No. 22 at 7). Prior to April 9, 2011, an employee could recover liquidated damages under NYLL in the amount of only 25% of unpaid wages. *Gamero*, 2017 WL 4326116, at *15. After that date, the statute authorized recovery of 100% of unpaid wages. *See id.* Thus, the four Plaintiffs hired before September 30, 2010 are entitled to recover liquidated damages at a rate of 25% of unpaid wages for the period beginning on September 30, 2010 and ending on April 9, 2011, and 100% of unpaid wages for the remainder of their employment. By contrast, the two Plaintiffs hired after April 9, 2011 are entitled to recover liquidated damages at a rate of 100% of unpaid wages. Accordingly, the Court calculates Plaintiffs' liquidated damages as follows:

| **Plaintiff** | **Liquidated Damages** |
|---|---|
| Hitler Calle | $ 186,509.69 |
| Jose Wilmer Calle | $ 30,054.50 |
| Severiano Castaneda Rivera | $ 169,814.65 |
| Pedro Ramirez Lozano | $ 204,606.76 |
| Marino Casteneda Rivera | $ 239,386.49 |
| Victor Anibal Ugsha Chugchilan | $ 84,973.20 |

II. PRE-JUDGEMENT INTEREST

Finally, NYLL expressly provides for an award of pre-judgment interest in addition to liquidated damages. *See* N.Y. Lab. Law § 198(1-a); *Jrpac Inc.*, 2016 WL 3248493 at *35. Pre-judgment interest is calculated by applying a simple rate of nine percent per year to Plaintiffs'

unpaid wages. *See Baltierra v. Advantage Pest Control Co.*, No. 14 Civ. 5917 (AJP), 2015 WL 5474093, at *12 (S.D.N.Y. Sept. 18, 2015) (citing CPLR § 5004); *Hengjin Sun*, 2016 WL 1587242, at *5. Where, as here, Plaintiffs' "damages were incurred at various times," the interest is calculated "from a 'single reasonable intermediate date.'" *Tackie v. Keff Enters. LLC*, No. 14-cv-2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014) (quoting CPLR § 5001(b)). Courts applying the NYLL in wage-and-hour cases "often choose the midpoint of the plaintiff's employment within the limitations period." *Id.* (collecting cases). Accordingly, the Court will award pre-judgment interest on Plaintiffs' unpaid wages in the amount of 9% per year, starting from the midpoint of each Plaintiffs' employment within the limitations period, through the date of judgment. The Court calculates Plaintiffs' pre-judgment interest as follows:

| Plaintiff | Pre-judgment Interest |
|---|---|
| Hitler Calle | $76,714.11 |
| Jose Wilmer Calle | $5,335.70 |
| Severiano Castaneda Rivera | $69,847.20 |
| Pedro Ramirez Lozano | $84,157.69 |
| Marino Casteneda Rivera | $98,463.09 |
| Victor Anibal Ugsha Chugchilan | $23,382.76 |

## III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

- Plaintiff Hitler Calle is entitled to a final judgment of $469,855.90, plus reasonable attorneys' fees.
- Plaintiff Jose Wilmer Calle is entitled to a final judgment of $70,444.70, plus reasonable attorneys' fees.
- Plaintiff Severiano Castaneda Rivera is entitled to a final judgment of $428,245.25, plus reasonable attorneys' fees.

- Plaintiff Pedro Ramirez Lozano is entitled to a final judgment of $514,960.95, plus reasonable attorneys' fees.
- Plaintiff Marino Casteneda Rivera is entitled to a final judgment of $601,645.78, plus reasonable attorneys' fees.
- Plaintiff Victor Anibal Ugsha Chugchilan is entitled to a final judgment of $200,829.16 plus reasonable attorneys' fees.

IT IS FURTHER ORDERED THAT the Court retains jurisdiction to enforce compliance with this Order and any issues relating to post-judgment statutory interest and costs. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.
DATED: New York, New York
December 21, 2017

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE