UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JOSE WILMER CALLE, *et al.*,

                      Plaintiffs,

-v-

NDG COFFEE SHOP, INC., D/B/A Big Nick's Burger & Pizza Joint Too *et al.*,

                      Defendants.

No. 16-cv-7702 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Now before the Court is Plaintiffs' unopposed motion for attorney's fees and costs pursuant to 29 U.S.C. Section 216(b) and New York Labor Law Section 663(1). (Doc. No. 47.) For the reasons set forth below, the Court grants Plaintiffs' motion and awards fees in the amount of $42,847 and costs in the amount of $6,700.00; however, the Court stays this award as to Defendant Dimitrios Galanopoulos.

BACKGROUND

    Plaintiffs initiated this action on September 30, 2016, alleging claims under the Fair Labor Standards Act (the "FLSA") and New York Labor Law. (Doc. No. 1.) Between October 30, 2017 and November 3, 2017, the Court held a jury trial, after which the jury rendered a verdict substantially in favor of Plaintiffs on all claims. (Doc. No. 46.) On November 17, 2017, Plaintiffs moved for attorney's fees. (Doc. No. 48.) Nearly two weeks later, the Court received a letter explaining that Galanopoulos had filed for Chapter 11 bankruptcy and requesting that the Court stay this action. (Doc. No. 51 (citing 11 U.S.C. § 362(a)).) Because the Bankruptcy Code

contains a stay provision, 11 U.S.C. § 362(a)(1), and "the stay created by the filing of a bankruptcy petition is automatic and immediate," *In re Capgro Leasing Assocs.*, 169 B.R. 305, 310 (Bankr. E.D.N.Y. 1994), the Court had no reason to issue a stay as requested by Galanopoulos.[1] Nevertheless, on December 21, 2017, the Court entered a final judgment against both Defendants. (Doc. No. 55.) Specifically, the Court calculated the damages owed each Plaintiff in light of the jury's verdict, which had been rendered on November 3, 2018. (Doc. No. 46.) This mechanical action involving the calculation of damages and entry of judgment was akin to the kind of "ministerial" act the Second Circuit has held does not violate the automatic stay provision of the Bankruptcy Code since it did not involve the exercise of significant discretion and simply entailed translating the jury's verdict into a formal judgment in favor of Plaintiffs. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994).

## Discussion

Plaintiffs now seek an award of attorneys' fees in the amount of $42,847.50 and costs in the amount of $6,700.00. (Doc. No. 48.) "[T]he FLSA directs courts to award prevailing plaintiffs reasonable attorney's fees and costs." *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (citing 29 U.S.C. § 216(b)). "[T]he lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d

---

[1] The automatic stay provision does not, however, require a stay against non-debtor co-defendants like NDG Coffee Shop. *See Pavers & Rd. Builders Dist. Council of N.Y., LLC*, 536 B.R. 48, 50 (E.D.N.Y. 2015) ("[T]he plain language of the statute . . . provides that the automatic stay protects only the debtor, not non-debtor entities.")

at 190. To determine what a paying client would be willing to pay, courts generally look to "rates prevailing in the community 'for similar services by lawyers of reasonably comparable skill, experience[,] and reputation.'" *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 21 (S.D.N.Y. 2015) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). However, a court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill*, 522 F.3d at 184, such as the so-called *Johnson* factors, which include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 (citing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

Here, the Court finds the requested hourly rates of $450.00 for Michael Faillace, an attorney with twenty-five years of experience in wage and hour litigation, $375.00 for Colin Mulholland, an attorney with five years of experience in civil litigation, including wage and hour case, and $375.00 for Jesse Barton, an attorney with five years of experience in wage and hour litigation (*see* Doc. No. 47-1 at 2), to be reasonable in light of similar rates approved for attorneys of similar experience in this District; the Court also finds that no case-specific factors warrant an adjustment of these rates in one direction or the other. *See, e.g., Rosendo v. Everbrighten Inc.*, No. 13-cv-7256 (JGK) (FM), 2015 WL 1600057, at *8–9 (S.D.N.Y. Apr. 7, 2015) (citing hourly rates approved for attorneys from another small firm specializing in wage and hour litigation between $200 and $425), *adopted by* 2015 WL 4557147 (S.D.N.Y. July 28,

2015); *Guallpa v. N.Y. Pro Signs Inc.*, No. 11-cv-3133 (LGS) (FM), 2014 WL 2200393, at *10 (S.D.N.Y. May 27, 2014) (same, observing a range of $350 to $600 per hour), *adopted by* 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014). The Court further finds the total hours these attorneys worked on this matter (111.95), which counsel have supported with time records (*see* Doc. No. 47-2), to be reasonable, particularly because this case involved six plaintiffs and was tried to verdict after a week-long jury trial. Finally, the Court finds counsel's expenditures ($400.00 filing fee for the Court and $6,700 in interpreter fees) to be reasonable. (*See id.*)

As discussed above, the Court entered judgment against Galanopoulos after he filed for bankruptcy because entry of judgment was a ministerial act not barred by the Bankruptcy Code's automatic stay provision. However, the Court finds that awarding attorney's fees is not similarly "ministerial" because it necessitates a "judicial decision" as to the propriety of awarding fees and the reasonableness of the fees sought, thereby taking the action outside of that limited exception. *Rexnord Holdings, Inc.*, 21 F.3d at 528. Indeed, other courts have held that the automatic stay provision bars courts from resolving substantive motions after a litigant has initiated bankruptcy proceedings. *E.g.*, *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 372–73 (10th Cir. 1990) (court lacked authority to grant summary judgment motion after automatic stay triggered); *Ellison v. Northwest Eng'g Co.*, 707 F.2d 1310, 1311 (11th Cir.1983) (court lacked authority to render decision in case briefed and argued before automatic stay triggered). Therefore, the Court will stay the award as against Galanopoulos during the pendency of his bankruptcy proceedings or until the stay is lifted.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Defendants shall pay to Plaintiffs $42,847.50 for attorney's fees and $6,700.00 for costs. The Clerk of Court is respectfully directed to stay this award as to Defendant Dimitrios Galanopoulos.

SO ORDERED.

DATED:   New York, New York
         April 12, 2018

                                              _____
                                              RICHARD J. SULLIVAN
                                              UNITED STATES DISTRICT JUDGE